UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAPFRE INSURANCE COMPANY, | No. 1:18-cv-00047-DAD-EPG |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANTS' MOTION TO STAY THE ACTION WITHOUT PREJUDICE TO RENEWAL AND GRANTING PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE |
| MARIA DEL RAYO RUIZ, ELIAS RUIZ, DAVID RUIZ, and JUAN BARTOLA AISPURO BARRAZA, | |
| Defendants. | (Doc. Nos. 13, 26) |

This matter is before the court on defendants Maria Del Rayo Ruiz, David Ruiz, and Elias Ruiz's motion to stay the action. (Doc. No. 13.) A hearing on this motion was held on May 30, 2018. (Doc. No. 29.) Attorneys Dean Pappas and Todd Roberts appeared telephonically on behalf of plaintiff. Attorneys Jay Christofferson personally appeared on behalf of defendants Maria, Elias and David Ruiz and attorney Antonio Rodriguez appeared telephonically on behalf of defendant Barraza. Having considered the parties' briefs and oral arguments, and for the reasons set forth below, the court will deny defendants' motion to stay the action.

**BACKGROUND**

Defendants Maria Ruiz, David Ruiz, and Elias Ruiz ("Ruiz defendants") are insured by plaintiff MAPFRE Insurance Company ("plaintiff" or "MAPFRE") and move to stay this

1

declaratory relief action until the underlying litigation in state court is resolved. (Doc. No. 13.) The underlying actions are comprised of: 1) two liability claims currently pending in Fresno County Superior Court, brought by defendant Juan Bartolo Aispuro Barraza ("defendant Barraza"), against all other defendants in the present action, seeking damages arising out of tort liability; and 2) a worker's compensation claim filed by defendant Barraza. (*See* Doc. No. 14 at 3–4.) The suit was filed in federal court based on diversity jurisdiction (18 U.S.C. § 1332) and is a declaratory relief action in which plaintiff MAPFRE seeks a determination that there is no insurance coverage applicable to the underlying action in state court under the commercial automobile insurance policy it issued to Maria Ruiz. (Doc. No. 1 at 2, ¶ 5.)

On September 26, 2015, defendant Barraza, at the direction of the Ruiz defendants, was performing tree trimming services at the home of Ryan Jacobsen ("Jacobsen"),[1] who had hired the Ruiz defendants to perform tree trimming services. (Doc. No. 1 at 3, ¶ 9–10.) While working on a raised cherry picker mounted on a 1990 white Chevrolet truck, defendant Barraza suffered a spinal cord injury and a fractured femur. (*Id.* at ¶ 10.) Here, MAPFRE alleges that the Ruiz defendants did not have workers' compensation insurance at the time of defendant Barraza's injury. (*Id.* at ¶ 11.)

On August 31, 2016, defendant Barraza filed a civil action for damages against defendant Maria Ruiz in Fresno County Superior County, Case No. 16CECG02820. (*See* Doc. No. 1 at 3, ¶ 12.) On September 25, 2017, defendant Barraza filed a first amended complaint against defendant Maria Ruiz and added Ryan Jacobsen as a defendant, alleging that he was Barraza's employer under California Labor Code § 3706 and was thus liable for any damages suffered by Barraza. (*See id.*) On the same date, defendant Barraza also filed a second action seeking damages arising from the alleged negligence of defendants Elias Ruiz and Maria Ruiz in Fresno County Superior Court, Case No. 17CECG03289. (*Id.* at ¶ 13.) In this second state court action, defendant Barraza alleged that defendants Elias Ruiz and Maria Ruiz were negligent in

---

[1] Although a summons has been issued as to Ryan Jacobsen in this action (Doc. No. 3), this court's docket indicates that he has not been served and has not appeared in this action. Jacobsen is not represented by counsel and has not submitted any documents to the court regarding the pending motion to stay.

2

maintaining, inspecting, and ensuring the safety of the boom truck that Barraza used to trim trees. (*Id.*) Following the accident, defendant Barraza also pursued a claim for workers' compensation benefits. (*Id.* at ¶¶ 14–15.)

MAPFRE issued a commercial automobile policy to Maria Ruiz covering the period of May 8, 2015 to May 8, 2016. (Doc. No. 1 at 4–6.) In relevant part, the policy specifically excludes coverage of:

> 9. Operations
>
> "Bodily injury" or "property damage" arising out of the operation of:
>
> a. Any equipment listed in Paragraphs 6.b. and 6.c. of the definition of "mobile equipment";
>
> b. Machinery or equipment that is on, attached to or part of a land vehicle that would qualify under the definition of 'mobile equipment' if it were not subject to a compulsory or financial responsibility law or other motor vehicle insurance law where it is licensed or principally garaged.

(Doc. No. 16 at 14.)[2]  Under Paragraph 6.b. of the policy, the definition of "mobile equipment" includes: cherry pickers and similar devices mounted on automobile or truck chassis and used to raise or lower workers. (*Id.* at 22.) However, at other points in the policy, the same equipment is defined as an automobile, rather than mobile equipment. (*See id.*)

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *accord Stone v. I.N.S.*, 514 U.S. 386, 411 (1995) ("[W]e have long recognized that courts have inherent power to stay proceedings and 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (Breyer, J., dissenting) (quoting *Landis*, 299

---

[2] Plaintiff's complaint (Doc. No. 1) included only an excerpt of the MAPFRE commercial automobile insurance policy, but the entire policy is before the court as Exhibit A to the declaration of defendant Maria Ruiz in support of defendants' motion to stay. (Doc. No. 16.)

3

U.S. at 254)). Deciding whether to grant a stay pending the outcome of other proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. The party seeking such a stay must "make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255.

In considering whether to grant a stay, this court must weigh several factors, including "[1] the possible damage which may result from the granting of a stay, [2] the hardship or inequity which a party may suffer in being required to go forward, and [3] the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254–55). A stay may be granted regardless of whether the separate proceedings are "judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979).

**DISCUSSION**

**A.   Request for Judicial Notice**

At the outset, MAPFRE requests that the court take judicial notice of the following documents: 1) defendant Barraza's answer filed in this case (Doc. No. 20); 2) the Ruiz defendants' memorandum of points and authorities in support of the motion to stay this action (Doc. No. 24); and 3) the declaration of Maria Del Rayo Ruiz in support of the motion to stay (Doc. No. 16). (Doc. No. 26.) Defendants do not oppose taking judicial notice of these documents.

Ordinarily, the court considers only the complaint and attached documents in deciding a motion to dismiss; however, the court may also take judicial notice of matters of public record without converting the motion into one for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Pursuant to the Federal Rule of Evidence 201(b), a court may "judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily

4

determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records are properly the subject of judicial notice because the contents of such documents contain facts that are not subject to reasonable dispute, and the facts therein "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.*; *see also Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

Here, the exhibits for which MAPFRE requests judicial notice are all documents that have been filed in this case. "It is well established that a court may take judicial notice of its own records." *United States v. Author Servs., Inc.*, 804 F.2d 1520, 1523 (9th Cir. 1986), *amended*, 811 F.2d 1264 (9th Cir. 1987), *overruled on other grounds by United States v. Jose*, 131 F.3d 1325 (9th Cir. 1997) (citing *Shuttlesworth v. City of Birmingham*, 394 U.S. 147, 157 (1969)). Though the court will grant plaintiff's unopposed request for judicial notice, the parties are, however, "advised for future reference that [they] need not seek judicial notice of documents filed in the same case." *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1034 (C.D. Cal. 2015) (citing *NovelPoster v. Javitch Canfield Grp.*, 140 F. Supp. 3d 954, 960 (N.D. Cal. 2014)).

**B.      Motion to Stay**

The Ruiz defendants, who are the insurance policy holders, seek a stay of this declaratory action. (Doc. No. 14 at 2.)[3] In the complaint for declaratory relief before this court, MAPFRE, the insurance provider, seeks a declaration that it has no duty to defend or indemnify any person or entity insured under the commercial automobile insurance policy issued to defendant Maria Ruiz in defense of any claim or suit filed on behalf of defendant Barraza. (Doc. No. 1 at 1.) MAPFRE seeks a declaratory judgment based on: 1) the operations exclusion; and 2) exclusions related to the employment status of the injured worker. (Doc. No. 23 at 1.) There are two

---

[3] Defendant Barraza filed a request to join in the Ruiz defendants' motion to stay on May 14, 2018. (Doc. No. 22.) Defendant Barraza reiterates that his employment status is currently in dispute, which favors the granting of a stay of this declaratory relief action. (*Id.* at 2.) MAPFRE objects to Barraza's joinder in the motion solely on the grounds that the request was untimely by twelve days. (Doc. No. 25.) Though defendant Barraza's request was untimely, it was made prior to the hearing on the pending motion, and there is no indication that it resulted in prejudice to MAPFRE. Therefore, the court will grant defendant Barraza's request to join in the motion to stay filed on behalf of the Ruiz defendants.

underlying liability actions that have been brought by defendant Barraza against the Ruiz defendants and Jacobsen pending in state court in which Barraza seeks damages stemming from the alleged malfunctioning of a cherry picker installed in the bed of a truck owned by the Ruiz defendants. (Doc. No. 14 at 3.) Additionally, defendant Barraza filed a claim for workers' compensation benefits, asserting that none of his employers maintained adequate workers' compensation insurance. (*Id.*)

In its opposition to the pending motion to stay this action, MAPFRE concedes "that factual determinations related to the employment status of the injured worker, Barraza, are or may be disputed in the underlying actions and should not be determined in this separate insurance coverage action prior any determination in an underlying action or the companion workers['] compensation case." (Doc. No. 23 at 2.)[4] As will be explained below, resolution of defendants' motion to stay turns on whether determination of the scope of the operations exclusion of the insurance policy in question will require the making of factual determinations that must be made in the underlying state court actions.

An insurance provider has the duty to defend its insured "whenever it ascertains facts which give rise to the potential of liability under the policy." *Gray v. Zurich Insurance Co.*, 65 Cal. 2d 263, 276–277 (1966). If an insurer questions the existence of coverage, it can seek an early declarative determination of the issue. *California Ins. Guar. Ass'n. v. Superior Court*, 231 Cal. App. 3d 1617, 1626 (1991); *see also State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.*, 9 Cal. App. 3d 508, 527 (1970) ("Alternatively, because the facts upon which its duty pivoted were not issues in the third party tort suits, [Allstate] might have filed a declaratory relief action to test that duty.").

/////

---

[4] In recognizing that factual determinations related to defendant Barraza's employment status may be disputed in the underlying state court actions, MAPFRE suggests that this court could issue an order staying discovery with respect to Barraza's employment. (Doc. No. 23 at 2.) The court agrees and will stay any discovery in this case touching on that issue. However, MAPFRE argues that the operations exclusion of its policy squarely applies under the undisputed material facts and represents that, if the motion to stay is denied, it intends to file a motion for summary judgment in the action pending before this court solely on the issue of whether the operations exclusion of the insurance policy precludes coverage here. (*Id.* at 7, 9.)

Although the parties agree this court should apply California law in determining whether a stay of this declaratory relief action is appropriate, they provide little analysis in support of that conclusion.[5] (*See* Doc. Nos. 14 at 8, 23 at 2.) Ordinarily, a federal court exercising diversity jurisdiction must apply the substantive law of the state in which the court sits and federal procedural law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). The court is persuaded that the question of whether to grant a stay of this action in federal court is a matter of federal procedural law. *See United Specialty Ins. Co. v. Bani Auto Grp., Inc.*, No. 18-CV-01649-BLF, 2018 WL 5291992, at *4 (N.D. Cal. Oct. 23, 2018) (citing cases).[6]

The Declaratory Judgment Act gives district courts discretion to grant declaratory relief and states that:

> In a case of actual controversy within its jurisdiction, [exceptions omitted] . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). Prior to granting declaratory relief, the district court must be satisfied that entertaining the action is appropriate, because the Declaratory Judgment Act is "deliberately cast in terms of permissive, rather than mandatory, authority." *Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1223 (9th Cir. 1998) (en banc) (citing *Public Serv. Comm'n of Utah v. Wycoff Co.*,

---

[5] Defendants state that "[a] federal court sitting in diversity over a state law claim applies the law of the state where it is located . . ." and conclude that the court must apply California law in determining whether a stay is appropriate. (Doc. No. 14 at 8.) Defendants do not, however, address whether the granting of a stay of a declaratory action is substantive or procedural. Finally, plaintiff simply agrees with defendants' conclusion in this regard. (*See* Doc. No. 23 at 2.)

[6] In similar cases, district courts have applied "federal doctrine . . . rather than California law, to address a procedural stay of declaratory relief actions." *James River Ins. Co. v. W.A. Rose Constr., Inc.*, No. 18-CV-02030-SI, 2018 WL 3023408, at *4 (N.D. Cal. June 18, 2018); *Burlington Ins. Co. v. Alan*, No. C 12-3372 SI, 2013 WL 567615, at n.1 (N.D. Cal. Feb. 13, 2013) ("Hence this Court has applied federal doctrine developed since *Brillhart* to address a procedural stay of declaratory relief actions, not California cases."); *see also Northfield*, 239 F. Supp. 3d at 1172 (federal court sitting in diversity applying federal, rather than California, law in determining whether to grant a stay of a declaratory relief action given a pending state court action); *First Mercury Ins. Co. v. Great Divide Ins. Co.*, 203 F. Supp. 3d 1043, 1054 (N.D. Cal. 2016) (same); *Maryland Cas. Co.*, 993 F. Supp. 2d at 1183 (same).

344 U.S. 237, 250 (1952) (J. Reed, concurring)). "[T]here is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage actions specifically." *Dizol*, 133 F.3d at 1225.

In determining whether to exercise such discretion, district courts are to consider the three factors noted in *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942) and its progeny: avoiding needless determination of state law issues; discouraging litigants from filing declaratory actions as a means of forum shopping; and avoiding duplicative litigation. *See Dizol*, 133 F.3d at 1225; *Northfield Ins. Co. v. Civic Ctr. Hotel, LLC*, 239 F. Supp. 3d 1163, 1172 (N.D. Cal. 2017); *First Mercury*, 203 F. Supp. 3d at 1054; *Maryland Cas. Co. v. Witherspoon*, 993 F. Supp. 2d 1178, 1183 (C.D. Cal. 2014). Below, the court will consider each of those factors in the context of this case.

**A.     Avoiding Needless Determination of State Law**

A district court may not grant declaratory relief if there are "unsettled issues of law generally, not unsettled issues of fact in the specified action." *Burlington Ins. Co. v. Alan*, No. C 12-3372 SI, 2013 WL 567615, at *2 (N.D. Cal. Feb. 13, 2013) (citing *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991), overruled on other grounds by *Dizol*, 133 F.3d at 1227); *Am. Bankers Ins. Co. of Fla. v. Butler*, No. C 18-01973 WHA, 2018 WL 3659006, at *3 (N.D. Cal. Aug. 2, 2018). Though plaintiff's claim presents issues under California insurance law, there is no suggestion that those issues in this case are either novel or complex. Defendants assert that determination of the mobile equipment limitation will be factually intensive, but they do not contend that it will implicate novel or complex issues under California law. (Doc. No. 14 at 11–12.) Therefore, consideration of this factor does not weigh in favor of granting a stay of this action.

**B.     Forum Shopping**

Declaratory relief may not be warranted if it is used as a means of forum shopping. "Forum shopping exists if a party files an action in one forum, and then files the same action in a different forum." *Burlington*, 2013 WL 567615 at *4; *see also Maryland Cas. Co.*, 993 F. Supp. 2d at 1184. The parties in this federal declaratory relief action are not the same as the parties as

8

those appearing in the actions pending in state court, suggesting that this declaratory relief action does not present forum shopping concerns.[7] Consideration of this factor also does not weigh in favor of a stay.

**C.     Avoiding Duplicative Litigation**

"If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Dizol*, 133 F.3d at 1225 (quoting *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1366–67 (9th Cir. 1991)). Here, plaintiff in this action is not a party in the underlying state court actions, and the coverage issues at issue in this action will not be litigated in the proceeding pending before the state court, which will presumably center upon claims of negligence. However, the parties disagree about whether determining the scope of the operations exclusion in this coverage action will require adjudicating facts disputed in the underlying state court action. MAPFRE argues that on its face, the equipment Barraza was operating falls within the operations exclusion of its policy, thereby foreclosing coverage under the policy it issued. (Doc. No. 23 at 3.) Defendants counter that the operations exclusion of the insurance policy does not apply based on the facts at issue in the underlying state court actions and the language of the commercial

/////

/////

---

[7] The presence of other factors may also suggest forum shopping. "One circumstance generally understood to indicate forum-shopping is a 'reactive' declaratory judgment action filed in federal court seeking a ruling as to an insurer's obligations under a policy at issue in a state court action that is, usually because of an absence of diversity jurisdiction, not removable to federal court." *Allstate Ins. Co. v. Tucknott Elec. Co.*, No. 14-CV-01804 SC, 2014 WL 5408324, at *3 (N.D. Cal. Oct. 23, 2014) (citing *Cont'l Cas. Co. v. Robsac Indus.*, 947 F.2d 1367, 1371 (9th Cir. 1991)), *overruled on other grounds by Gov't Employees Ins. Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998)). This action suit was filed after the underlying suit was initiated and it is true that plaintiff "could have filed a declaratory relief action in state court . . . where such action could have been related to and coordinated with the pending state court actions." *Northfield*, 239 F. Supp. 3d at 1172 (quoting *Great Am. Assur. v. McCormick*, No. C 05-02175 CRB, 2005 WL 3095972, at *2 (N.D. Cal. Nov. 15, 2005)). However, "it is a common practice for insurers to seek declaratory relief in federal court while underlying cases are proceeding in state court," *Northfield Ins. Co.*, 239 F. Supp. 3d at 1172, and plaintiff is entitled to seek a declaratory judgment of its duty to defend. Therefore, consideration of this factor does not support a finding of forum shopping under the circumstances of this case.

automobile insurance policy, and that at the very least, factual determinations are necessary that should be made in the state court actions.[8] (Doc. No. 27 at 9–10.)

Despite any potential ambiguities[9] in the insurance policy at issue, the court is not yet persuaded that interpretation of the operations exclusion will involve any significant overlap with the determinations to be made in the underlying state court actions. Defendants argue that this court may need to engage in a fact–intensive inquiry involving the manner and method in which the vehicle from which Barraza fell was operated, the manner and method in which the cherry picker was installed on the bed of the truck, and whether it was intended to drive on various surface types. (Doc. No. 14 at 11; 27 at 10.) Similar arguments have been rejected by courts under these circumstances.

> In essence, insureds' argument is that the policy's final adjudication provision creates an overlap of facts that must first be decided in the underlying . . . action before a decision can be made about the immediate insurance coverage claim. Not so. The issue of consequence in the underlying lawsuit is whether or not the allegations in the complaint therein are true. This is logically unrelated to whether or not the policy's exclusion requires final adjudication to preclude [the insurer's] duty to defend. Stated differently, the determination of coverage turns on an interpretation

---

[8] Defendants point to several factual determinations they contend must be made in deciding whether the policy's operations exclusion applies here, thus requiring a stay of this action. Defendants argue that the automobile involved in the accident was not "mobile equipment" as referred to in section 9b of the policy, but instead was an automobile that was listed in the policy. (*See* Doc. Nos. 14 at 7; 27 at 11.) Defendants also assert that under the policy, vehicles that are self-propelled with cherry pickers and similar devices mounted on the automobile are not "mobile equipment." (*See* Doc. Nos. 14 at 7; 27 at 10–11.) However, the court is unpersuaded that these factual determinations will be made in the negligence and workers compensation actions now pending in state court.

[9] The court notes that the operations exclusion states that the policy will not cover "bodily injury" or "property damage" arising out of any equipment listed in paragraphs 6b and 6c of the definition of "mobile equipment." (*See* Doc. No. 23 at 4–5.) Paragraph 6b identifies *"[c]herry pickers and similar devices mounted on* automobiles or truck chassis and used to raise or lower workers . . . ." (*Id.* at 5) (emphasis added). However, paragraph 6 of the policy provides that self-propelled vehicles with *permanently attached equipment, such as cherry pickers*, are considered "autos" rather than "mobile equipment." (*Id.*) (emphasis added). It appears that an argument could be made that the term "mobile equipment" as used in the policy is susceptible to two or more reasonable interpretations and is therefore ambiguous. *Gutowitz v. Transamerica Life Ins. Co.*, 126 F. Supp. 3d 1128, 1136 (C.D. Cal. 2015) (citing *La Jolla Beach & Tennis Club, Inc. v. Industrial Indemnity Co.*, 9 Cal. 4th 27, 37 (1994)). However, the court need not and does not decide that question in disposing of the pending motion for stay.

10

> of the insurance policy compared to the claims alleged in the underlying complaint — whether insureds are excluded from coverage based on the existence of the underlying action or whether the policy requires final adjudication before the exclusion can apply. It does not turn on the truth of the allegations in the underlying action.

*Hanover Ins. Co. v. Paul M. Zagaris, Inc.*, No. C 16-01099 WHA, 2016 WL 3443387, at *3 (N.D. Cal. June 23, 2016).

Here, the underlying state court action was brought by defendant Barraza against the other defendants in this action based in tort liability. This declaratory action, on the other hand, requires only interpretation of an insurance contract. Plaintiff argues in this declaratory relief action that defendant Barraza's injury indisputably arose out of the use of a cherry picker installed on a truck bed, thus triggering the operations exclusion excluding coverage for any injury stemming from the use of such a cherry picker. (Doc. No. 23 at 6.) Defendants in this action argue that the policy is unclear and will require determination of factual questions that "create *the potential* for inconsistent rulings *to the extent* factual determinations are made in the underlying actions as opposed to this one." (Doc. No. 27 at 10) (emphasis added). However, this potential overlap relied upon by defendants in this case is purely hypothetical and fails to provide a sufficient basis upon which to stay this case. The state court action has been pending since August 31, 2016 and, at the time of the hearing on the pending motion, was scheduled for trial in the fall of 2018.[10] At this advanced stage of the state court litigation, the potential factual determinations to be made in that case should be clear.[11]

**D.    Secondary Dizol Factors**

The Ninth Circuit has stated that after the *Brillhart* factors (the desire to avoid duplicative litigation, avoid needless determination of issues of state law, and avoid forum shopping) are

---

[10] Since this motion was taken under submission, the court has not been notified by the parties of the status of the state court proceedings, nor has the court been informed that the pending motion for stay has been rendered moot by virtue of the negligence action in state court going to trial or otherwise being resolved.

[11] Of course, if a concrete factual overlap between the state court proceedings and this declaratory relief action were to still later emerge, defendants may renew their motion to stay.

taken into account, courts may also consider secondary factors in determining whether to grant declaratory relief:

> such as "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of the declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies."

*Dizol*, 133 F.3d at 1225 n.5 (quoting *American States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994) (J. Garth, concurring)); *see also Hanover Ins. Co. v. Paul M. Zagaris, Inc.*, No. C 16-01099 WHA, 2016 WL 3443387, at *5 (N.D. Cal. June 23, 2016).

Here, this coverage action will not resolve the underlying liability action and there is, at most, merely the potential for overlap between the factual issues to be addressed in the two cases. Additionally, it is unlikely that this coverage dispute was commenced for the purposes of obtaining a res judicata advantage, as there is no obvious overlap between the issues, and plaintiff in this case is not a party to the underlying action. Moreover, as discussed above, there is a low risk for federal-state court entanglement because any factual overlap between the actions is currently hypothetical. Of course, this declaratory relief action would clarify the legal relationship between the parties to it. Finally, as to the convenience of the parties, proceeding here will require the insureds to simultaneously defend two actions, but "being required to defend a suit, without more, does not constitute a clear case of hardship or inequity to justify a stay." *Hanover*, 2016 WL 3443387, at *5 (citing *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)). Moreover, granting a stay of this action pending trial in the state court action may require plaintiff to provide a defense where coverage is not called for under the insurance policy it provided. Taken as a whole, consideration of these secondary factors (*see Dizol*, 133 F.3d at 1225, n.5) also do not weigh in favor of the granting of a stay.

/////

/////

/////

**CONCLUSION**

For the reasons set forth above:

1. Defendants' motion to stay (Doc. No. 13) is denied without prejudice to renewal, if appropriate;

2. Plaintiff's request for judicial notice (Doc. No. 26) is granted;

3. All discovery in this action related to the status of any defendant as an employer of defendant Barraza or the operation, maintenance, or repair of the vehicle and the attached device at issue in the underlying incident will be stayed pending the conclusion of the underlying state court actions; and

4. The action is referred to the assigned magistrate judge for the re-setting of an Initial Scheduling Conference.

IT IS SO ORDERED.

Dated: **December 6, 2018**

UNITED STATES DISTRICT JUDGE